UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER:

STEVE NICHOLSON,

**00-6112 CIV-ZLOCH**

Plaintiff,

vs.

NORTH BROWARD HOSPITAL DISTRICT
d/b/a Broward General Medical Center,
a Florida political subdivision,

Defendant.

_____/



## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, STEVE NICHOLSON, ("NICHOLSON"), by and through his undersigned attorneys, files this, his Complaint against Defendant, NORTH BROWARD HOSPITAL DISTRICT d/b/a Broward General Medical Center, a Florida political subdivision, ("BROWARD GENERAL"), and states as follows:

### INTRODUCTION

1. This is a proceeding for injunctive relief and monetary damages to remedy discrimination on the basis of a disability in violation of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, ("ADA"), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071 (1991), and the Florida Civil Rights Act of 1992, chapter 760, of the Florida Statutes.



## JURISDICTION

2. The jurisdiction of the Court over this controversy is based upon the following:

   a. The Court's jurisdiction conferred by 28 U.S.C. §§ 1331 and 1343(a)(4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any act of Congress providing for the protection of Civil Rights;

   b. 42 U.S.C. § 12101 *et seq.*; and

   c. 28 U.S.C. § 1367(a).

## VENUE

3. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed within the State of Florida, within Broward County. Accordingly, venue lies in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391(b); and

   b. Plaintiff avers that Defendant, BROWARD GENERAL, was and continues to do business in this judicial district within the meaning of 28 U.S.C. § 1391(c). Accordingly, venue lies in this judicial district pursuant to 28 U.S.C. § 1391(c).

## PARTIES

4. At all times material hereto, Plaintiff, NICHOLSON, was and continues to be a male citizen of the United States and a resident of Broward County, Florida.

5. At all times material hereto, Plaintiff, NICHOLSON, was and continues to be a qualified individual with a disability within the meaning of the ADA.

6. At all times material hereto, Plaintiff, NICHOLSON, was and continues to be a qualified individual with a handicap within the meaning of the Florida Civil Rights Act of 1992.

7. At all times material hereto, Defendant, BROWARD GENERAL, was and continues to be a corporation organized under the laws of the State of Florida.

8. At all times material hereto, Defendant, BROWARD GENERAL, was and continues to be an "employer" within the meaning of the ADA and the Florida Civil Rights Act of 1992.

9. At all times material hereto, Defendant, BROWARD GENERAL, transacted and continues to transact business and perform services in Broward County, Florida.

10. At all times material hereto, Defendant, BROWARD GENERAL, had and continues to have more than fifteen (15) employees.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff, NICHOLSON, timely filed a Charge of Discrimination against Defendant, BROWARD GENERAL, with the Equal Employment Opportunity Commission, ("EEOC").

12. Plaintiff, NICHOLSON, timely filed a Charge of Discrimination against Defendant, BROWARD GENERAL, with the Florida Commission on Human Relations, ("FCHR").

13. Plaintiff, NICHOLSON, is filing this Complaint within ninety (90) days of receiving his Notice of Rights from the EEOC and subsequent to one-hundred and eighty (180) days of his filing of a Charge of Discrimination with the FCHR.

## STATEMENT OF FACTS

14. On or about February 25, 1999, Plaintiff applied for a position with Defendant as an elevator mechanic. Plaintiff was fully qualified for the position as he has performed the job duties of an elevator mechanic for over ten years with distinction.

15. Defendant made Plaintiff an employment offer based upon his years of service and the information he provided to the Defendant contingent upon his ability to pass a physical and drug test.

16. As part of his physical, Plaintiff was given a vision test. Part of the vision test included a color vision test using the Ishihara Color Testing Book, a test that is allegedly used on all potential hospital employees.

17. Plaintiff was then given another test with an ophthalmologist which revealed a deficiency in his ability to see the colors red and green.

18. Based on the Plaintiff's test results and the doctor's report, Defendant determined that the job of an elevator mechanic would pose a problem for Plaintiff and others.

19. At all times material hereto, Plaintiff was and continues to be able to effectively perform the essential function as an elevator mechanic.

20. None of the vision tests imposed upon Plaintiff relate to the essential functions of a job as an elevator mechanic. In fact, all of the wiring systems on the elevators in questions are number and/or letter coded which obviates a need to rely solely upon the color schemes of the wiring.

21. At no time was Plaintiff provided an opportunity to demonstrate his ability to perform the essential functions of his job.

22. Defendant, BROWARD GENERAL, has discriminated against Plaintiff, NICHOLSON, in employment opportunities because of his actual and/or perceived disability.

23. Defendant's, BROWARD GENERAL, acts and omissions set forth herein constitute conduct on the part of Defendant that was willful, wanton, malicious, and reckless, demonstrating a knowing and/or reckless disregard for the rights of others, including Plaintiff, NICHOLSON.

24. Plaintiff, NICHOLSON, has retained the Law Firm of Phillips, Eisinger, Koss, Rothstein & Rosenfeldt, P.A., to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIMS

### COUNT I

### VIOLATION OF THE ADA
### AGAINST DEFENDANT, BROWARD GENERAL
### DISPARATE TREATMENT

Plaintiff realleges and reavers Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

25. Defendant, BROWARD GENERAL, has discriminated against Plaintiff, NICHOLSON, and has denied Plaintiff job opportunities and privileges because of his actual and/or perceived disability.

26. The unlawful discriminatory pattern, practice, usage, and custom by BROWARD GENERAL, its agents, and its employees, as set forth above, violates Title I of the American with Disabilities Act of 1990, 42 U.S.C. § 12112, as amended by the Civil Rights Act of 1991, Pub. L. No., 102-166, 105 Stat. 1071 (1991).

27. As a direct and proximate result of Defendant's, BROWARD GENERAL, unlawful and discriminatory employment policies and practices, Plaintiff, NICHOLSON, has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

    a.    Loss of past and future income;

    b.    Loss of other fringe benefits;

    c.    Stress, anxiety, and emotional distress;

    d.    Significant past and future pain and suffering; and

    e.    Other financial losses.

28.    Plaintiff, NICHOLSON, is entitled to an award of reasonable attorney's fees, expert fees, costs, and expenses related to this litigation pursuant to 42 U.S.C. § 12205, as amended by Section 113 of the Civil Rights Act of 1991.

**WHEREFORE**, Plaintiff, NICHOLSON, respectfully requests that judgment be entered in his favor against Defendant, BROWARD GENERAL:

    a.    Declaring, pursuant to 28 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the ADA;

    b.    Directing to hire Plaintiff to the position he would have occupied but for Defendant's, BROWARD GENERAL, discriminatory treatment of him or in the alternative, awarding Plaintiff front pay;

    c.    Permanently enjoining Defendant, BROWARD GENERAL, from continuing or maintaining the policy, practice, and custom of denying, abridging, withholding, or conditioning the federally protected rights of employees on the basis of disability;

    d.    Awarding Plaintiff back pay, prejudgment interest, post-judgment interest and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant, BROWARD GENERAL;

    e.    Awarding Plaintiff compensatory, consequential, and punitive damages pursuant to 42 U.S.C. § 1981a;

f.  Directing Defendant, BROWARD GENERAL, to pay Plaintiff compensatory damages for his mental anguish and humiliation;

g.  Awarding Plaintiff reasonable attorney's fees and costs incurred in this action pursuant to 42 U.S.C. § 12205, as amended by Section 113 of the Civil Rights Act of 1991; and

h.  Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

## VIOLATION OF THE ADA
## AGAINST DEFENDANT, BROWARD GENERAL
## DISPARATE IMPACT

Plaintiff realleges and reavers Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

29.  Defendant's use of the Ishihara color testing book and the color vision requirement for the position of elevator mechanic is not job-related nor is it consistent with business necessity as to the performance of the essential functions of an Elevator Mechanic. This physical testing requirement has a disparate impact on all potential job applicants with color vision disabilities including the Plaintiff.

30.  Defendant's conduct as set forth above constitutes unlawful discrimination on the basis of age in violation of the Americans with Disabilities Act of 1990., as amended.

31. As a direct and proximate result of the Defendant's unlawful discriminatory employment policies and practices, the Plaintiff has suffered damages and will continue to suffer damages in the future including, but not limited to:

    a. Loss of past and future income;

    b. Loss of future earning capacity;

    c. Loss of other fringe benefits; and

    d. Other financial losses.

32. Plaintiff is entitled to an award of reasonable attorney's fees, costs and expenses related to this litigation pursuant to

WHEREFORE, Plaintiff respectfully requests judgment in his favor against Defendant, BROWARD GENERAL:

    a. Declaring pursuant 28 U.S.C. §§ 2201 - 2202, that Defendant's employment policies and practices, adversely affect the rights of the Plaintiff as secured by the ADA;

    b. Permanently enjoining Defendant from continuing to violate the ADA;

    c. Directing that the Defendant reinstate the Plaintiff to the position of Fire Inspector with full seniority, back-pay plus interest thereon, and pension rights and other benefits;

    d. Awarding reasonable attorney's fees, costs and expenses related to the litigation pursuant to 42 U.S.C. § 12205, as amended by Section 113 of the Civil Rights Act of 1991; and

  e. Ordering any other and further relief as this Court may deem just and proper.

## COUNT III

### VIOLATION OF FLORIDA STATUTES § 760.10 AGAINST DEFENDANT, BROWARD GENERAL
### DISPARATE TREATMENT

Plaintiff realleges and reavers Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

33. Defendant, BROWARD GENERAL, has discriminated against Plaintiff, NICHOLSON, and has denied Plaintiff job opportunities and privileges because of his disability.

34. The unlawful discriminatory pattern, practice, usage, and custom by Defendant, BROWARD GENERAL, its agents, and its employees, as set forth above, violates the Florida Civil Rights Act of 1992, Section 760.10, Florida Statutes (1999).

35. As a direct and proximate result of Defendant's, BROWARD GENERAL, unlawful and discriminatory employment policies and practices, Plaintiff, NICHOLSON, has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

  a. Loss of past and future income;

  b. Loss of future earning capacity;

  c. Loss of medical insurance and benefits;

  d. Loss of other fringe benefits;

  e. Stress, anxiety, and emotional distress;

    f.    Significant past and future pain and suffering; and

    g.    Other financial losses.

36. Plaintiff, NICHOLSON, is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation pursuant to § 760.11(5), Florida Statutes (1999).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a.    Declaring that the acts and practices complained of herein are in violation of the Florida Civil Rights Act of 1992;

    b.    Directing Defendant to hire Plaintiff to the position he would have occupied but for Defendant's discriminatory treatment of him or in the alternative, awarding Plaintiff front pay;

    c.    Permanently enjoining Defendant from continuing or maintaining the policy, practice and custom of denying, abridging, withholding, or conditioning the state protected rights of employees on the basis of disability;

    d.    Awarding Plaintiff back pay, prejudgment interest, post-judgment interest, and damages for all employment and retirement benefits he would have received but for the discriminatory acts and practices of Defendant;

    e.    Directing Defendant to pay Plaintiff compensatory damages for his mental anguish and humiliation;

    f.    Awarding Plaintiff punitive damages;

    g.    Awarding reasonable attorney's fees and costs incurred in this action pursuant to § 760.11(5), Florida Statutes;

    h.    Awarding Plaintiff all other sums of money, including medical, retirement, and other employment benefits with interest thereon, to which Plaintiff would have been entitled; and

    i.    Ordering any other and further relief this Court deems to be just and proper.

## COUNT IV

### VIOLATION OF FLORIDA STATUTES § 760.10
### AGAINST DEFENDANT, BROWARD GENERAL
### DISPARATE IMPACT

Plaintiff realleges and reavers Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

37. Defendant's use of the Ishihara color testing book and the color vision requirement for the position of elevator mechanic is not job-related nor is it consistent with business necessity as to the performance of the essential functions of an Elevator Mechanic. This physical testing requirement has a disparate impact on all potential job applicants with color vision disabilities including the Plaintiff.

38. Defendant, BROWARD GENERAL, has discriminated against Plaintiff, NICHOLSON, and has denied Plaintiff job opportunities and privileges because of his disability.

39. The unlawful discriminatory pattern, practice, usage, and custom by Defendant, BROWARD GENERAL, its agents, and its employees, as set forth above, violates the Florida Civil Rights Act of 1992, Section 760.10, Florida Statutes (1999).

40. As a direct and proximate result of Defendant's, BROWARD GENERAL, unlawful and discriminatory employment policies and practices, Plaintiff, NICHOLSON, has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

   a. Loss of past and future income;

   b. Loss of future earning capacity;

   c. Loss of medical insurance and benefits;

   d. Loss of other fringe benefits;

   e. Stress, anxiety, and emotional distress;

   f. Significant past and future pain and suffering; and

   g. Other financial losses.

41. Plaintiff, NICHOLSON, is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation pursuant to § 760.11(5), Florida Statutes (1999).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

   a. Declaring that the acts and practices complained of herein are in violation of the Florida Civil Rights Act of 1992;

b.  Directing Defendant to hire Plaintiff to the position he would have occupied but for Defendant's discriminatory treatment of him or in the alternative, awarding Plaintiff front pay;

c.  Permanently enjoining Defendant from continuing or maintaining the policy, practice and custom of denying, abridging, withholding, or conditioning the state protected rights of employees on the basis of disability;

d.  Awarding Plaintiff back pay, prejudgment interest, postjudgment interest, and damages for all employment and retirement benefits he would have received but for the discriminatory acts and practices of Defendant;

e.  Directing Defendant to pay Plaintiff compensatory damages for his mental anguish and humiliation;

f.  Awarding Plaintiff punitive damages;

g.  Awarding reasonable attorney's fees and costs incurred in this action pursuant to § 760.11(5), Florida Statutes;

h.  Awarding Plaintiff all other sums of money, including medical, retirement, and other employment benefits with interest thereon, to which Plaintiff would have been entitled; and

i.  Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff, NICHOLSON, demands trial by jury on all the disparate treatment Counts set forth above.

Dated this 24 day of January 2000.

Respectfully submitted,

PHILLIPS, EISINGER, KOSS,
ROTHSTEIN & ROSENFELDT, P.A.
Attorneys for Plaintiff
NationsBank Tower
Suite 2612
One Financial Plaza
Fort Lauderdale, Florida 33394
TEL: (954) 764-1983
FAX: (954) 764-2144

BY /s/ Scott W. Rothstein
SCOTT W. ROTHSTEIN, ESQ.
FLA. BAR NO: 765880

F:\DOCUMENT\WP51\98-6678\complain

15

# CIVIL COVER SHEET

00-6112 CIV-ZLOCH

JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**PLAINTIFFS**
STEVE NICHOLSON

**DEFENDANTS**
NORTH BROWARD HOSPITAL DISTRICT d/b/a Broward General Medical Center, a Florida Political Subdivision

COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: **BROWARD**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A- NORTH -6112- ZLOCH/BSS

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
PHILLIPS, EISINGER, KOSS, ROTHSTEIN & ROSENFELDT, P.A.
NationsBank Building, One Financial Plaza, # 2612
Ft. Lauderdale, FL 33394   (954) 764-1983

**ATTORNEYS (IF KNOWN)**

MAGISTRATE JUDGE SELTZER

(a) CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)
[X] 3. Federal Question (U.S. Government Not a Party)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Title I of The Americans with Disabilities Act of 1990, 42 USC § 12101 et seq., as amended

4 days estimated (for both sides) to try entire case

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

CIVIL RIGHTS: [X] 442 Employment

**ORIGIN** (PLACE AN X IN ONE BOX ONLY)
[X] 1. Original Proceeding

**REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** _____

**JURY DEMAND:** [X] YES  [ ] NO

**RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 1/24/00

SIGNATURE OF ATTORNEY OF RECORD: Scott W. Rothstein, Esq.

FOR OFFICE USE ONLY: Receipt No. 54383  Amount: $150.00  Date Paid: 01-24-00  M/fp: ____

FILED by __ JAN 24 2000