ALF/DTM:(371)
00-0020

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| STEVE NICHOLSON, )<br><br>    Plaintiff, )<br><br> )<br><br> )<br><br>NORTH BROWARD HOSPITAL DISTRICT )<br>d/b/a Broward General Medical )<br>Center, a Florida political )<br>subdivision, )<br><br> )<br><br>    Defendant. )<br>_____ ) | CASE NO.: 00-6112<br><br>CIV-ZLOCH<br><br>Magistrate Judge Seltzer<br><br><br><br>**DEFENDANT'S MOTION**<br>**TO DISMISS** |

Defendant, NORTH BROWARD HOSPITAL DISTRICT, by and through its undersigned

counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Plaintiff's

Complaint for failure to state a claim.    The following memorandum is submitted in support of

the motion.

### STATEMENT OF PLAINTIFF'S ALLEGATIONS

Plaintiff has filed this action against the NORTH BROWARD HOSPITAL DISTRICT

(the "District") under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

("ADA") and the Florida Civil Rights Act, Chapter 760, Florida Statutes.  *Complaint, ¶ 1.*

Plaintiff claims he was unlawfully denied an employment opportunity with the District because

of a "deficiency in his ability to see the colors red and green." *Complaint, ¶¶ 17 and 22.*

Plaintiff alleges he applied for a position with the District as an elevator mechanic on or about February 25, 1999. *Complaint, ¶ 14*. The District offered him the position contingent upon his passing a physical examination and drug test. *Complaint, ¶ 15*. As part of the physical examination, Plaintiff was given a color vision test, the Isahara test. He was also tested by an ophthalmologist. *Complaint, ¶¶ 16 and 17*. The testing revealed that Plaintiff had a deficiency in his ability to see the colors red and green. *Complaint, ¶ 17*. Plaintiff was allegedly denied the elevator mechanic position because of the results of his vision test. *Complaint, ¶ 18*. This lawsuit followed.

Plaintiff's Complaint alleges four causes of action. Count I sets forth a claim for discrimination (disparate treatment) under the ADA. Count II alleges a claim for discrimination (disparate impact) under the ADA. Counts III and IV allege the same claims under the Florida Civil Rights Act.

The District now moves to dismiss Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's alleged disability -- red and green color blindness -- is not a disability under the ADA.

### LEGAL ARGUMENT

A motion to dismiss for failure to state a claim should be granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." Miccosukee Tribe of Indians of Florida v. United States, 6 F.Supp.2d 1346, 1348 (S.D. Fla.1998), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "In evaluating the sufficiency of a complaint, a court 'must accept the well pleaded facts as true and resolve them in the light most favorable

2

to the plaintiff.'" Beck v. Deloitte & Touche, 144 F.3d 732, 735 (11th Cir. 1998), *quoting* St. Joseph's Hospital, Inc. v. Hospital Corporation of America, 795 F.2d 948, 954 (11th Cir. 1986).

Reviewing the allegations in the Complaint against this standard, Plaintiff has failed to state a cause of action under the ADA as a matter of law. To establish a prima facie case of discrimination under the ADA, the Plaintiff has the burden of establishing that he (1) has a disability, (2) is a qualified individual, and (3) was unlawfully discriminated against because of his disability. La Chance v. Duffy's Draft House, Inc., 146 F.3d 832, 835 (11th Cir. 1998). The ADA protects qualified individuals with disabilities from discrimination in employment so long as the essential job functions can be performed with reasonable accommodation. 42 U.S.C. §§ 12112(a), 1211(8) and 12112(b)(5)(A).

The Plaintiff has the burden of proving he is disabled. Olson v. General Electric Astrospace, 101 F.3d 947, 952 (3rd Cir. 1996). *"Disability"* is defined under the ADA as:

> (A)    a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
> (B)    a record of such an impairment; or
>
> (C)    being regarded as having such an impairment.

42 U.S.C. § 12102(2). The Code of Federal Regulations further define *"Major Life Activities"* to include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. 29 C.F.R. § 1630.2(i). The following factors are considering in determining whether a disability *"substantially limits"* a major life

3

activity:

> (i)    the nature and severity of the impairment;
>
> (ii)   the duration or expected duration of the impairment; and
>
> (iii) the permanent or long term impact, or the expected permanent
> or long term impact of or resulting from the impairment.

29 C.F.R. § 1630.2(j)(2).

In order to be substantially limited in the major life activity of working, the individual must be "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities. 29 C.F.R. § 1630.2(j)(3)(i). The mere "inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i); see also Swain v. Hillsborough County School Board, 146 F.3d 855 (11th Cir. 1998).

## COLOR BLINDNESS IS NOT A DISABILITY UNDER THE ADA

Plaintiff's complaint in this case should be dismissed because color blindness is not a disability recognized under the ADA.

In Hoppes v. Commonwealth of Pennsylvania, 32 F.Supp.2d 770 (M.D.Penn. 1998), a case factually and legally analogous to the instant case, the District Court entered summary judgment against the plaintiff after applying the foregoing standards governing the ADA. In Hoppes, the plaintiff sued the Commonwealth of Pennsylvania after being denied a law enforcement position because of his red-green color deficiency. Like this case, the plaintiff in

4

Hoppes was offered the position applied for contingent upon his passing a physical examination. The physical examination included the Isahara test for color blindness. After the examination, Hoppes was diagnosed with red-green color deficiency, the same deficiency alleged by Plaintiff. The diagnosis was confirmed by Hoppes' physician. Pennsylvania withdrew the conditional offer to Hoppes due to his color blindness. Id. at 771-772.

The court in Hoppes entered summary judgment against Hoppes after determining that color blindness is not a disability under the ADA. Specifically, the court found that Hoppes red-green color vision deficiency did not substantially limit the major life activity of working. The court further held that an ADA claim cannot be predicated upon the inability to perform a particular job position. Id. at 774.

In Swanson v. Palm Beach County Board of Commissioners, 932 F.Supp. 283 (S.D.Fla. 1995), affirmed 89 F.3d 855 (11th Cir. 1996), the court considered whether impaired vision resulting from a detached retina constituted a disability under the ADA. After applying the above definitions and analysis under the ADA and the Rehabilitation Act,[1] the District Court held that the vision impairment was not a disability and entered summary judgment in favor of the employer. The Eleventh Circuit affirmed the decision. Swanson v. Palm Beach County Board of Commissioners, 89 F.3d 855 (11th Cir. 1996).

Other federal courts have held that vision impairment is not a disability under the ADA.

---

[1]    The court also relied upon decisions under the Rehabilitation Act, 29 U.S.C. §§ 701-796, from which the ADA regulations are borrowed. See also Chandler v. City of Dallas, 2 F.3d 1385 (5th Cir. 1993).

CONRAD & SCHERER, 633 SOUTH FEDERAL HIGHWAY, FT. LAUDERDALE, FL 33301, TEL. (954) 462-5500

See Venclauskas v. State of Connecticut, 921 F.Supp. 78 (D. Conn. 1995) (dismissing plaintiff's complaint after finding that impaired vision of 20/80 and 20/120 was not a disability under the ADA); Cline v. Fort Howard Corporation, 963 F.Supp. 1075 (E.D. Okla. 1997) (holding that nearsightedness and difficulties with peripheral vision are not disabilities under the ADA); and Joyce v. Suffolk County, 911 F.Supp. 92 (E.D.N.Y. 1996).

The instant case is indistinguishable from Hoppes and the other cited authorities. Plaintiff alleges he applied for a specific position with the District as an elevator mechanic. *Complaint,* ¶ *14.* He was conditionally offered the position so long as he passed the physical examination. *Complaint,* ¶ *15.* After taking the Isahara color vision test and after seeing an ophthalmologist, it was determined that the Plaintiff was deficient in his ability to see the colors red and green. *Complaint,* ¶¶ *16 and 17.* Plaintiff was denied the elevator mechanic position because of the results of his vision test. *Complaint,* ¶ *18.* Even accepting these allegations as true and in a light most favorable to Plaintiff, he has failed to establish the most fundamental element under the ADA, a disability.

For the same reasons, the District moves to dismiss Plaintiff's claims under the Florida Civil Rights Act (FCRA) for failing to allege a "handicap." §§ 760.01 and 760.10, Fla. Stat. (1999). Smith v. Avatar Properties, Inc., 714 So. 2d 1103, 1106 (Fla. 5th DCA 1998), *and cases cited therein,* (holding the FCRA should be construed in conformity with the ADA).

6

## CONCLUSION

Based on the foregoing, Defendant, NORTH BROWARD HOSPITAL DISTRICT, respectfully requests that Plaintiff's Complaint be dismissed.

CONRAD & SCHERER
Attorneys for Defendant
P.O. Box 14723
Fort Lauderdale, FL 33302
Tel: (954) 462-5500
Fax: (954) 463-9244

By: _____
    ALBERT L. FREVOLA, JR.
    Florida Bar No. 857416
    DOUGLAS T. MARX
    Florida Bar No. 0089834

7

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail to Scott W. Rothstein, Esq., Phillips, Eisinger, Koss, et al., Attorneys for Plaintiff, NationsBank Tower, Suite 2612, One Financial Plaza, Fort Lauderdale, FL  33394 on this 15th day of February, 2000.

CONRAD & SCHERER
Attorneys for Defendant
P.O. Box 14723
Fort Lauderdale, FL  33302
Tel: (954) 462-5500
Fax: (954) 463-9244

By:_____
ALBERT L. FREVOLA, JR.
Florida Bar No. 857416
DOUGLAS T. MARX
Florida Bar No. 0089834

8