ALF/DTM:(371)
00-0020

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

STEVE NICHOLSON,                )
             )  CASE NO.: 00-6112
 Plaintiff,       )
             )  CIV-ZLOCH
vs.            )
             )  Magistrate Judge Seltzer
NORTH BROWARD HOSPITAL DISTRICT )
d/b/a Broward General Medical   )
Center, a Florida political     )
subdivision,                    )
             )  **DEFENDANT'S MOTION**
 Defendant.      )  **TO DISMISS AMENDED**
_____ )  **COMPLAINT**

   Defendant, NORTH BROWARD HOSPITAL DISTRICT, by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Plaintiff's Amended Complaint for failure to state a claim. The following memorandum is submitted in support of the motion.

### STATEMENT OF PLAINTIFF'S ALLEGATIONS

   Plaintiff has filed this amended action[1] against the NORTH BROWARD HOSPITAL DISTRICT (the "District") under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), the Rehabilitation Act, 29 U.S.C. § 794, and the Florida Civil Rights

---

[1] After the District filed its first motion to dismiss, Plaintiff served his amended complaint as a matter of right pursuant to Fed.R.Civ.P. 15(a).

Act, Chapter 760, Florida Statutes. *Complaint, ¶ 1.* Plaintiff claims he was unlawfully denied an employment opportunity with the District because of a "deficiency in his ability to see the colors red and green." *Complaint, ¶¶ 21, 22 and 26.*

Plaintiff alleges he applied for a position with the District as an elevator mechanic on or about February 25, 1999. *Complaint, ¶ 18.* The District offered him the position contingent upon his passing a physical examination and drug test. *Complaint, ¶ 19.* As part of the physical examination, Plaintiff was given a color vision test, the Isahara test. He was also tested by an ophthalmologist. *Complaint, ¶¶ 20 and 21.* The testing revealed that Plaintiff had a deficiency in his ability to see the colors red and green. *Complaint, ¶ 21.* Plaintiff was allegedly denied the elevator mechanic position because of the results of his vision test. *Complaint, ¶ 22.* This lawsuit followed.

Plaintiff's Complaint alleges five causes of action. Count I sets forth a claim for discrimination (disparate treatment) under the ADA. Count II alleges a claim for discrimination (disparate impact) under the ADA. Count III is a claim for violation of the Rehabilitation Act, 29 U.S.C. § 794. Counts IV and V allege disparate treatment and disparate impact claims under the Florida Civil Rights Act.

The District now moves to dismiss Plaintiff's Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's alleged disability -- red and green color blindness -- is not a disability under the ADA, nor a handicap under the Rehabilitation Act.

## LEGAL ARGUMENT

A motion to dismiss for failure to state a claim should be granted when "it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim." Miccosukee Tribe of Indians of Florida v. United States, 6 F.Supp.2d 1346, 1348 (S.D. Fla.1998), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "In evaluating the sufficiency of a complaint, a court 'must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.'" Beck v. Deloitte & Touche, 144 F.3d 732, 735 (11th Cir. 1998), *quoting* St. Joseph's Hospital, Inc. v. Hospital Corporation of America, 795 F.2d 948, 954 (11th Cir. 1986).

Reviewing the allegations in the Complaint against this standard, Plaintiff has failed to state a cause of action under the ADA as a matter of law. To establish a prima facie case of discrimination under the ADA, the Plaintiff has the burden of establishing that he (1) has a disability, (2) is a qualified individual, and (3) was unlawfully discriminated against because of his disability. La Chance v. Duffy's Draft House, Inc., 146 F.3d 832, 835 (11th Cir. 1998). The ADA protects qualified individuals with disabilities from discrimination in employment so long as the essential job functions can be performed with reasonable accommodation. 42 U.S.C. §§ 12112(a), 1211(8) and 12112(b)(5)(A).

The Plaintiff has the burden of proving he is disabled. Olson v. General Electric Astrospace, 101 F.3d 947, 952 (3rd Cir. 1996). *"Disability"* is defined under the ADA as:

>   (A)   a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
>   (B)   a record of such an impairment; or
>
>   (C)   being regarded as having such an impairment.

42 U.S.C. § 12102(2). The Code of Federal Regulations further define *"Major Life Activities"* to include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. 29 C.F.R. § 1630.2(i). The following factors are considering in determining whether a disability *"substantially limits"* a major life activity:

> (i) the nature and severity of the impairment;
>
> (ii) the duration or expected duration of the impairment; and
>
> (iii) the permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment.

29 C.F.R. § 1630.2(j)(2).

In order to be substantially limited in the major life activity of working, the individual must be "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities. 29 C.F.R. § 1630.2(j)(3)(i). The mere "inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i); see also Swain v. Hillsborough County School Board, 146 F.3d 855 (11th Cir. 1998).

## COLOR BLINDNESS IS NOT A DISABILITY UNDER THE ADA

Plaintiff's complaint in this case should be dismissed because color blindness is not a disability recognized under the ADA.

In Hoppes v. Commonwealth of Pennsylvania, 32 F.Supp.2d 770 (M.D.Penn. 1998), a

4

case factually and legally analogous to the instant case, the District Court entered summary judgment against the plaintiff after applying the foregoing standards governing the ADA. In Hoppes, the plaintiff sued the Commonwealth of Pennsylvania after being denied a law enforcement position because of his red-green color deficiency. Like this case, the plaintiff in Hoppes was offered the position applied for contingent upon his passing a physical examination. The physical examination included the Isahara test for color blindness. After the examination, Hoppes was diagnosed with red-green color deficiency, the same deficiency alleged by Plaintiff. The diagnosis was confirmed by Hoppes' physician. Pennsylvania withdrew the conditional offer to Hoppes due to his color blindness. Id. at 771-772.

The court in Hoppes entered summary judgment against Hoppes after determining that color blindness is not a disability under the ADA. Specifically, the court found that Hoppes red-green color vision deficiency did not substantially limit the major life activity of working. The court further held that an ADA claim cannot be predicated upon the inability to perform a particular job position. Id. at 774.

In Swanson v. Palm Beach County Board of Commissioners, 932 F.Supp. 283 (S.D.Fla. 1995), *affirmed* 89 F.3d 855 (11th Cir. 1996), the court considered whether impaired vision resulting from a detached retina constituted a disability under the ADA. After applying the above definitions and analysis under the ADA and the Rehabilitation Act,[2] the District Court

---

[2]   The court also relied upon decisions under the Rehabilitation Act, 29 U.S.C. §§ 701-796, from which the ADA regulations are borrowed. See Chandler v. City of Dallas, 2 F.3d 1385 (5th Cir. 1993).

5

held that the vision impairment was not a disability and entered summary judgment in favor of the employer. The Eleventh Circuit affirmed the decision. <u>Swanson v. Palm Beach County Board of Commissioners</u>, 89 F.3d 855 (11th Cir. 1996).

Other federal courts have held that vision impairment is not a disability under the ADA. <u>See</u> <u>Venclauskas v. State of Connecticut</u>, 921 F.Supp. 78 (D. Conn. 1995) (dismissing plaintiff's complaint after finding that impaired vision of 20/80 and 20/120 was not a disability under the ADA); <u>Cline v. Fort Howard Corporation</u>, 963 F.Supp. 1075 (E.D. Okla. 1997) (holding that nearsightedness and difficulties with peripheral vision are not disabilities under the ADA); and <u>Joyce v. Suffolk County</u>, 911 F.Supp. 92 (E.D.N.Y. 1996).

The instant case is indistinguishable from <u>Hoppes</u> and the other cited authorities. Plaintiff alleges he applied for a specific position with the District as an elevator mechanic. *Complaint, ¶ 14.* He was conditionally offered the position so long as he passed the physical examination. *Complaint, ¶ 15.* After taking the Isahara color vision test and after seeing an ophthalmologist, it was determined that the Plaintiff was deficient in his ability to see the colors red and green. *Complaint, ¶¶ 16 and 17.* Plaintiff was denied the elevator mechanic position because of the results of his vision test. *Complaint, ¶ 18.* Even accepting these allegations as true and in a light most favorable to Plaintiff, he has failed to establish the most fundamental element under the ADA, a disability.

### COLOR BLINDNESS IS NOT A HANDICAP UNDER THE REHABILITATION ACT

The foregoing analysis and conclusion is the same under the Federal Rehabilitation Act (the "Act"). To present a prima facie case under the Act, the Plaintiff must establish that: (1)

he is handicapped within the meaning of the Act and pertinent regulations, (2) he is otherwise qualified for the position applied for, (3) he works or applied for a program or activity that receives federal financial assistance, and (4) he was adversely treated solely because of the handicap. Jackson v. Veterans Administration, 22 F.3d 277, 278 (11th Cir. 1994). Several courts have noted the Act's purpose:

> [The Act] assures that truly disabled, but genuinely capable, individuals will not face discrimination in employment because of stereotypes about the insurmountability of their handicaps. It would debase this high purpose if the statutory protections available to those truly handicapped could be claimed by anyone whose disability was minor and whose relative severity of impairment was widely shared. Indeed, the very concept of impairment implies a characteristic that is not commonplace and that poses for the particular individual a more general disadvantage in his or her search for satisfactory employment.

Venclauskas v. State of Connecticut, 921 F.Supp. 78, 81-82 (D.Conn. 1995) *and cases cited therein.*

In evaluating a claim under the Act, the same analysis as the ADA is applied. The Act itself states that the "standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act ..." 29 U.S.C. § 794(d). "The definition of an 'individual with a disability' in the ADA is virtually identical to the definition of 'individual with a handicap' under the Rehabilitation Act." Venclauskas, 921 F.Supp. at 81; see also Chandler, 2 F.3d at 1391. In other words, cases interpreting both the ADA and the Rehabilitation Act are interchangeable. Accordingly, under the foregoing analysis, Plaintiff's

claim under the Act must also fail because the alleged visual impairment is not a handicap (now referred to as a disability).

Courts have likewise held that vision impairment is not a handicap under the Act. For example, in <u>Venclauskas v. State of Connecticut</u>, *infra*, the court held that the plaintiff's visual impairment of 20/80 and 20/120 was not unusually severe or rare to constitute a handicap. The court also found that the plaintiff could not establish that his visual acuity substantially limited his ability to work, or even his ability to work in his chosen field of law enforcement. <u>Venclauskas</u>, 921 F.Supp. at 81-82. The defendant's motion to dismiss was granted. Similarly, in <u>Santiago v. Temple University</u>, 739 F.Supp. 974 (E.D.Pa. 1990), the court held that, as a matter of law, plaintiff's partial vision loss in his left eye was not a handicap under the Act. The court specifically stated, "[A]s defendants have correctly argued, there is no case law holding that partial vision loss in one eye is a handicap as defined under the Act." <u>Id</u>. at 978-979. Accordingly, Plaintiff's claim under the Act in this case should also be dismissed.

Based on the same arguments and authorities cited above, the District moves to dismiss Plaintiff's claims under the Florida Civil Rights Act (FCRA) for failing to allege a "handicap." §§ 760.01 and 760.10, Fla. Stat. (1999). <u>Smith v. Avatar Properties, Inc.</u>, 714 So. 2d 1103, 1106 (Fla. 5th DCA 1998), *and cases cited therein,* (holding the FCRA should be construed in conformity with the ADA).

8

## CONCLUSION

Defendant, NORTH BROWARD HOSPITAL DISTRICT, respectfully requests that Plaintiff's Amended Complaint be dismissed.

> CONRAD & SCHERER
> Attorneys for Defendant
> P.O. Box 14723
> Fort Lauderdale, FL  33302
> Tel: (954) 462-5500
> Fax: (954) 463-9244
>
> By: _____
> ALBERT L. FREVOLA, JR.
> Florida Bar No. 857416
> DOUGLAS T. MARX
> Florida Bar No. 0089834

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail to Scott W. Rothstein, Esq., Phillips, Eisinger, Koss, et al., Attorneys for Plaintiff, NationsBank Tower, Suite 2612, One Financial Plaza, Fort Lauderdale, FL 33394 on this 9th day of March, 2000.

CONRAD & SCHERER
Attorneys for Defendant
P.O. Box 14723
Fort Lauderdale, FL 33302
Tel: (954) 462-5500
Fax: (954) 463-9244

By: _____
ALBERT L. FREVOLA, JR.
Florida Bar No. 857416
DOUGLAS T. MARX
Florida Bar No. 0089834

CONRAD & SCHERER, 633 SOUTH FEDERAL HIGHWAY, FT. LAUDERDALE, FL 33301. TEL. (954) 462-5500