UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
**CASE NUMBER:** 00-6112-CIV-ZLOCH/SELTZER

STEVE NICHOLSON, )
)
    Plaintiff, )
)
vs. )
)
NORTH BROWARD HOSPITAL DISTRICT )
d/b/a Broward General Medical Center, a )
Florida political subdivision )
)
    Defendant. )
_____)



## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S, NORTH BROWARD HOSPITAL DISTRICT, MOTION TO DISMISS

Plaintiff, by and through his undersigned attorneys, pursuant to Local Rule 7.1, S.D.Fla.L.R., files this, his Memorandum of Law in Opposition to Defendant's, NORTH BROWARD HOSPITAL DISTRICT d/b/a Broward General Medical Center, Motion to Dismiss Plaintiff's Amended Complaint, and states as follows:

### INTRODUCTION

Plaintiff, STEVE NICHOLSON, ("NICHOLSON"), filed the instant action against Defendant, NORTH BROWARD HOSPITAL DISTRICT, (the "DISTRICT"), after he was denied employment with Defendant after it learned that he was colorblind. Federal jurisdiction is predicated upon Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, ("ADA") and the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*

The Defendant is being sued for having discriminated against Plaintiff in its decision not to hire him because of his actual and/or perceived disability: to wit, color blindness. Plaintiff's claim is predicated upon the fact that Plaintiff was fully qualified for the elevator mechanic position that Defendant had available and Defendant made Plaintiff an offer of employment as an elevator mechanic contingent upon Plaintiff passing a physical examination. (Amended Complaint ¶¶ 18-19). Plaintiff was required to take a physical examination, including a vision test that included an Ishihara Color Testing examination. (Amended Complaint ¶ 20). Defendant then required that Plaintiff be further evaluated by an ophthalmologist who determined that Plaintiff was color blind to the colors red and green. (Amended Complaint ¶ 21). Based on Plaintiff's Ishihara Color Testing results and the ophthalmologists examination Defendant determined that Plaintiff could not perform the job of elevator mechanic because he would pose a threat to himself and to others. (Amended Complaint ¶ 22). Defendant discriminated against Plaintiff based on his actual and/or perceived disability. (Amended Complaint ¶ 26). As a direct and proximate result of Defendant's actions Plaintiff was denied employment for a job that he was fully qualified to perform.

Defendant, BROWARD GENERAL, moves to dismiss all Counts against it on the ground that Plaintiff has allegedly failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) contending that Plaintiff's disability, color blindness, is not a disability under the ADA. For all the reasons set forth herein, Defendant's Motion to Dismiss should be **DENIED**.

## II. STANDARD OF REVIEW

### Motion to Dismiss

For a defendant to succeed under a Rule 12(b)(6) motion, he must sustain the difficult, but essential burden of demonstrating that ``it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 48

(1957); Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998). The court must view "the complaint in the light most favorable to the plaintiff," Scheuer v. Rhodes, 416 U.S. 232 (1947), and must assume all well-pleaded allegations of the Complaint as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, "a claim for relief . . . shall contain . . . a short and plain statement of the claim showing the pleader is entitled to relief . . . ." FED.R.CIV.P. 8(a)(2). The intent of Rule 8(a)(2) is to give defendants "fair notice of what [the] claim is." Banco Continental v. Curtiss National Bank of Miami Springs, 406 F.2d 510, 514 (5th Cir. 1969).[1] Courts have interpreted this standard liberally. While the pleading must be sufficient to give the defendant fair notice of what the claim is and the grounds upon which it rests, the pleader is not required to set forth in detail facts upon which the claim is based. Conley, 355 U.S. at 47; see also Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993) (rejecting heightened pleading standards for claims under 42 U.S.C. § 1983).

A motion to dismiss merely addresses the sufficiency of the Plaintiff's pleadings. "The parties may, through discovery, inquire further into the details underlying the claim." City of Fort Lauderdale v. Ross, Saarinen, Bolto & Wilder, Inc., 815 F. Supp. 444 (S.D. Fla. 1992). Defendant has failed to show beyond any doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Accordingly, Defendant's motion to dismiss should be DENIED.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

## III. DISCUSSION

### PLAINTIFF HAS SUFFICIENTLY ALLEGED THAT HE HAS A "PHYSICAL IMPAIRMENT" AND THEREFORE A DISABILITY WITHIN THE MEANING OF THE ADA AND THE REHABILITATION ACT.

In its Motion to Dismiss, Defendant, BROWARD GENERAL, contends that Plaintiff's Amended Complaint fails to state a cause of action under the ADA and the Rehabilitation Act arguing that color blindness is not a disability within the meaning of the statutes. (Motion at p. 4). Defendant is wrong. Plaintiff's allegations are in full compliance with Rule 8(a), Fed.R.Civ.P.

In the instant case, Plaintiff's cause of action arises under the ADA and the Rehabilitation Act. Therefore, Plaintiff has the burden of pleading sufficient facts establishing a *prima facie* case of discrimination under the ADA and the Rehabilitation Act to withstand Defendant's motion to dismiss. To state a prima facie case of discrimination under the ADA the Plaintiff must aver that: "(1) he has a disability; (2) he is a qualified individual; and (3) he was unlawfully subjected to discrimination because of his disability." LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 835 (11th Cir. 1998).

Plaintiff's Amended Complaint alleges in pertinent part the following:

   (1) At all times material hereto, Plaintiff, NICHOLSON, was and continues to be a qualified individual with a disability within the meaning of the ADA. (Amended Complaint, ¶ 5);

   (2) Plaintiff is unable to see the colors red and green (Amended Complaint ¶ 21);

   (3) Plaintiff was fully qualified for the job to that he applied for with Defendant (Amended Complaint ¶ 18);

   (4) At all times material hereto, Plaintiff was and continues to be able to effectively perform the essential function as an elevator mechanic. (Amended Complaint, ¶ 23); and

   (5) Defendant discriminated against Plaintiff in employment opportunities

4

because of his actual and/or perceived disability. (Amended Complaint ¶ 26).

Additionally, With Respect to Plaintiff's Rehabilitation Act Claim, Plaintiff also alleged that Defendant is a recipient of federal financial assistance, (Amended Complaint ¶ 13), and that he "was and continues to be a qualified individual with a handicap within the meaning of 29 U.S.C. § 706(8) and 29 U.S.C. § 794" (Amended Complaint, ¶ 6)..

. When determining the viability of a claim, the court must accept all of the plaintiff's allegations as being true, and must not consider matters "beyond the four corners of the complaint." City of Fort Lauderdale v. Ross, Saarinen, Bolton & Wilder, Inc., 815 F. Supp. 444, 446 (S.D. Fla. 1992). Defendant has produced no supporting authority for its contention that the issues it raises can be decided on a motion to dismiss. In fact, each and every case cited by Defendant were all decided on a motion for summary judgment, not on a motion to dismiss.

In its motion, Defendant details the factually similar case of Hoppes v. Commonwealth of Pennsylvania Fish & Boat Commission, 32 F.Supp. 2d 270 (M.D. Penn. 1998), to support its allegation that its motion to dismiss should be granted. In Hoppes, the district court granted the defendant's motion for summary judgment after it determined, after viewing all of the evidence in the record,. that the color blind plaintiff did not have a disability in the major life activities of seeing or working. The key factor to be take in to consideration in evaluating the applicability of Hoppes to the instant case, is that Hoppes was decided on a motion for summary judgment and *not* on a motion to dismiss. In Hoppes, the parties had the opportunity to conduct discovery and obtain expert testimony.. In the instant case, discovery has yet to be conducted as this case in only in its earliest stages. Moreover, Hoppes is not binding in this jurisdiction

To presumptively state, at this introductory stage of litigation in the instant case, that the Plaintiff has failed to state that he has a disability covered under the ADA and the Rehabilitation

Act is premature. This jurisdiction has found that there is no exhaustive list of what disorders and conditions are covered under the ADA. Quick v. Tripp, Scott, Conklin & Smith, P.A., 43 F. Supp.2d 1357, 1366 (S.D. Fla. 1999) (citing Bragdon v. Abbott, 118 S.Ct. 2196, 2202 (1998)). Moreover, the United States Supreme Court has pointed out that there is a statutory obligation under 42 U.S.C. § 12101(2) "to determine the existence of disabilities on a case-by-case basis." Albertsons, Inc. v. Kirkingburg, -- U.S. --, 119 S.Ct. 2162, 2169 (1999). Therefore, whether the Plaintiff in the instant case has a disability as a matter of law is a question that cannot be answered without the aide of discovery, and specifically expert discovery. Accordingly, for all of the reasons stated herein, Defendant's Motion to Dismiss should be **DENIED**.

## IV. CONCLUSION

For all the reasons set forth herein, the City's Motion to Dismiss should be **DENIED**.

Dated this 23rd day of March, 2000.

        Respectfully submitted,

        PHILLIPS, EISINGER, KOSS,
        ROTHSTEIN & ROSENFELDT, P.A.
        Attorneys for Plaintiff
        NationsBank Tower
        Suite 2612
        One Financial Plaza
        Fort Lauderdale, Florida 33394
        TEL: (954) 764-1983
        FAX: (954) 764-2144

BY: _____
        SCOTT W. ROTHSTEIN, ESQ.
        FLA. BAR NO: 765880

        MICHAEL A. PANCIER, ESQ.
        FLA. BAR NO. 958484

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the foregoing was served via U.S. Mail on March 23rd, 2000 to Albert L. Frevola, Jr., Esq., CONRAD & SCHERER, Attorneys for Defendant, P.O. Box 14723, Fort Lauderdale, Florida 33302.

                  Respectfully submitted,
                  PHILLIPS, EISINGER, KOSS,
                  ROTHSTEIN & ROSENFELDT, P.A.
                  Attorneys for Plaintiff
                  NationsBank Tower
                  Suite 2612
                  One Financial Plaza
                  Fort Lauderdale, Florida 33394
                  TEL: (954) 764-1983
                  FAX: (954) 764-2144

BY: _____
                  SCOTT W. ROTHSTEIN, ESQ.
                  FLA. BAR NO: 765880

                  MICHAEL A. PANCIER
                  FLA. BAR NO. 958484

99-6900\oppmem12.mtd