NIGHT BOX
FILED

ALF/DTM:(371)
(00-20)

APR 2 7 2000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL'

STEVE NICHOLSON,                    )
                                    )    CASE NO.: 00-6112
        Plaintiff,                  )
                                    )    CIV-ZLOCH
vs.                                 )
                                    )    Magistrate Judge Seltzer
NORTH BROWARD HOSPITAL DISTRICT     )
d/b/a Broward General Medical       )
Center, a Florida political         )
subdivision,                        )
                                    )    **DEFENDANT'S ANSWER AND**
        Defendant.                  )    **AFFIRMATIVE DEFENSES TO**
_____)   **AMENDED COMPLAINT**

        The Defendant, NORTH BROWARD HOSPITAL DISTRICT d/b/a Broward
General Medical Center (the "District"), by and through its
undersigned counsel, hereby answers the Amended Complaint filed by
Plaintiff, STEVE NICHOLSON, as follows:

        1.    The District denies the allegations set forth in
Paragraph 1.

        2.    The District admits the allegations set forth in
Paragraph 2 for jurisdictional purposes only.

        3.    The District admits the allegations set forth in
Paragraph 3 for venue purposes only.  The District denies the
remainder of the allegations set forth in Paragraph 3.

        4.    The District denies the allegations set forth in
Paragraph 4.

        5.    The District denies the allegations set forth in
Paragraph 5.

6.    The District denies the allegations set forth in Paragraph 6.

7.    The District denies the allegations set forth in Paragraph 7.

8.    The District denies the allegations set forth in Paragraph 8 only to state that it is a special taxing district organized under the laws of the State of Florida.

9.    The District admits the allegations set forth in Paragraph 9.

10. The District denies the allegations set forth in Paragraph 10.    To the contrary, the condition alleged by the Plaintiff -- a deficiency in his ability to see the colors red and green -- is neither a disability nor a handicap under the ADA, the Rehabilitation Act, or the Florida Civil Rights Act of 1992.

11. The District admits the allegations set forth in Paragraph 11.

12. The District admits the allegations set forth in Paragraph 12.

13. The District admits that it was and continues to receive federal financial assistance within the meaning of the Rehabilitation Act, but denies that the Plaintiff was the subject of or participated in any way in any program or activity in connection therewith.

14. The District admits the allegations set forth in Paragraph 14.

- 2 -

15. The District denies the allegations set forth in Paragraph 15.

16. The District denies the allegations set forth in Paragraph 16.

17. The District denies the allegations set forth in Paragraph 17.

18. The District admits that the Plaintiff applied for a position with the District as an elevator mechanic. The remainder of the allegations set forth in Paragraph 18 are denied.

19. The District admits the allegations set forth in Paragraph 19.

20. The District admits the allegations set forth in Paragraph 20.

21. The District admits the allegations set forth in Paragraph 21.

22. The District admits that, based on the Plaintiff's test results and doctor's report, the position of elevator mechanic would pose a problem for the Plaintiff and could pose a hazard to himself and others.

23. The District denies the allegations set forth in Paragraph 23.

24. The District denies the allegations set forth in Paragraph 24.

25. The District denies the allegations set forth in Paragraph 25.

- 3 -

26. The District denies the allegations set forth in Paragraph 26.

27. The District denies the allegations set forth in Paragraph 27.

28. The District is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28. Therefore, the District denies the allegations and strict proof thereof is demanded.

## COUNT I

The District realleges and reavers its responses to Paragraphs 1 through 28 of Plaintiff's amended complaint as though fully set forth herein.

29. The District denies the allegations set forth in Paragraph 29.

30. The District denies the allegations set forth in Paragraph 30.

31. The District denies the allegations set forth in Paragraph 31, including all subparagraphs.

32. The District denies the allegations set forth in Paragraph 32 and further denies that Plaintiff is entitled to the relief requested.

## COUNT II

The District realleges and reavers its responses to Paragraphs 1 through 28 of Plaintiff's amended complaint as though fully set forth herein.

- 4 -

33. The District denies the allegations set forth in Paragraph 33.

34. The District denies the allegations set forth in Paragraph 34 and further states that there are no allegations to support a claim for age discrimination under the Americans with Disabilities Act.

35. The District denies the allegations set forth in Paragraph 35, including all subparagraphs.

36. This Paragraph appears to be incomplete. In response, the District denies the allegations set forth in Paragraph 36 and further denies that Plaintiff is entitled to the relief requested.

### COUNT III

The District realleges and reavers its responses to Paragraphs 1 through 28 of Plaintiff's amended complaint as though fully set forth herein.

37. The District denies the allegations set forth in Paragraph 37.

38. The District denies the allegations set forth in Paragraph 38.

39. The District denies the allegations set forth in Paragraph 39.

40. The District denies the allegations set forth in Paragraph 40, including all subparagraphs.

CONRAD & SCHERER, 633 SOUTH FEDERAL HIGHWAY, FT. LAUDERDALE, FL 33301, TEL. (954) 462-5500

41. The District denies the allegations set forth in Paragraph 41 and further denies that Plaintiff is entitled to the relief requested.

## COUNT IV

The District realleges and reavers its responses to Paragraphs 1 through 28 of Plaintiff's amended complaint as though fully set forth herein.

42. The District denies the allegations set forth in Paragraph 42.

43. The District denies the allegations set forth in Paragraph 43.

44. The District denies the allegations set forth in Paragraph 44, including all subparagraphs.

45. The District denies the allegations set forth in Paragraph 45 and further denies that Plaintiff is entitled to the relief requested.

## COUNT V

The District realleges and reavers its responses to Paragraphs 1 through 28 of Plaintiff's amended complaint as though fully set forth herein.

46. The District denies the allegations set forth in Paragraph 46.

47. The District denies the allegations set forth in Paragraph 47.

- 6 -

48. The District denies the allegations set forth in Paragraph 48.

49. The District denies the allegations set forth in Paragraph 49, including all subparagraphs.

50. The District denies the allegations set forth in Paragraph 50 and further denies that Plaintiff is entitled to the relief requested.

<u>**AFFIRMATIVE DEFENSES**</u>

**First Affirmative Defense**

The Plaintiff has failed to establish a prima facie case of discrimination under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq. ("ADA") because the Plaintiff is not a qualified individual with a disability as defined by the ADA and applicable Federal Regulations. The condition complained of is not a "disability."

**Second Affirmative Defense**

The Plaintiff has failed to establish a prima facie case of discrimination under the Rehabilitation Act of 1973, as amended, 29 U.S.C. §794 et seq. because the Plaintiff is not a qualified individual with a disability or handicapped as defined by the Rehabilitation Act, the ADA and applicable Federal Regulations. The condition complained of is not a "disability."

**Third Affirmative Defense**

The Plaintiff has failed to establish a prima facie case of discrimination under the Florida Civil Rights Act of 1992, Chapter

- 7 -

760, Florida Statutes ("FCRA"), because the Plaintiff is not
handicapped as set forth in the FCRA and applicable law. The
condition complained of is not a "handicap."

### Fourth Affirmative Defense

Employment of the Plaintiff as an elevator mechanic would pose
a significant risk to the health or safety of others that cannot be
eliminated by reasonable accommodation.

### Fifth Affirmative Defense

The physical examination and vision tests performed on
Plaintiff relate directly to Plaintiff's ability to perform the
duties and requirements of the elevator mechanic position which
cannot be accomplished by reasonable accommodation.

### Sixth Affirmative Defense

The Plaintiff was not qualified for the elevator mechanic
position because the ability to see colors and differentiate color
codes wires and voltages is an essential function of the position.

### Seventh Affirmative Defense

Even if accommodations could be made to employ the Plaintiff
with the condition complained of, including but not limited to the
rewiring and recoding of all electrical, cable and elevator systems
within the District, such accommodations would cause an undue
hardship.

### Eighth Affirmative Defense

As a political subdivision of the State of Florida, the
District is entitled to the rights, immunities, and limitations

- 8 -

afforded to it under state and federal law, including but not limited to Section 768.28(5), Florida Statutes.

### Ninth Affirmative Defense

The Plaintiff has failed to reasonably mitigate his alleged damages.

### Tenth Affirmative Defense

To the extent that the District is determined to be the prevailing party, the District demands attorneys' fees and costs as prescribed under the authorities upon which Plaintiff's claims are based.

CONRAD & SCHERER
Attorneys for Defendant
P.O. Box 14723
Fort Lauderdale, FL  33302
Telephone:  (954) 462-5500
Facsimile:  (954) 463-9244

By: _____
ALBERT L. FREVOLA, JR.
Florida Bar No. 857416
DOUGLAS T. MARX
Florida Bar No.  0089834

- 9 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via U.S. Mail to Scott W. Rothstein, Esq., PHILLIPS, EISINGER, KOSS, ROTHSTEIN & ROSENFELDT, P.A., Counsel for Plaintiff, NationsBank Plaza, One Financial Plaza, Suite 2612, Fort Lauderdale, FL 33394, this 25th day of April, 2000.

> CONRAD & SCHERER
> Attorneys for Defendant
> P.O. Box 14723
> Fort Lauderdale, FL 33302
> Telephone: (954) 462-5500
> Facsimile: (954) 463-9244
>
> By: _____
>     ALBERT L. FREVOLA, JR.
>     Florida Bar No. 857416
>     DOUGLAS T. MARX
>     Florida Bar No. 0089834

- 10 -